UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ERIC STONE-DUNLAP,                )
                                  )
            Plaintiff,            )
                                  )
       v.                         )   No. 1:20-cv-00155-JRS-TAB
                                  )
DURR,                             )
                                  )
            Defendant.            )

## ORDER DISMISSING ACTION AS FRIVOLOUS AND DIRECTING ENTRY OF FINAL JUDGMENT

Eric Stone-Dunlap is an inmate at the Correctional Industrial Facility. Because Mr. Stone-Dunlap is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

### I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Stone-Dunlap alleges that, on November 4, 2017, he went to the chow hall for lunch but did not have his identification with him. Pursuant to prison policy, Lieutenant Durr refused to allow Mr. Stone-Dunlap without his identification. Also pursuant to prison policy, Mr. Stone-Dunlap was not allowed to retrieve his identification from his dormitory and re-enter the chow hall. As a result, he could not eat lunch that day.

Mr. Stone-Dunlap alleges that Lieutenant Durr's actions violated his Eighth Amendment right to be free from cruel and unusual punishment. He asks the Court to award him damages of $2 million pursuant to 42 U.S.C. § 1983.

This lawsuit is frivolous and may not proceed.

This is, in fact, the second time Mr. Stone-Dunlap has attempted to sue Lieutenant Durr in this Court for denying him lunch on November 4, 2017. Chief Judge Magnus Stinson dismissed that action and explained that Mr. Stone-Dunlap's allegations did not describe a violation of the Eighth Amendment:

> "The Eighth Amendment places both restraints and duties on prison officials, and one of those duties is to ensure that inmates receive adequate food." *Williams v. Shah*, 927 F.3d 476 (7th Cir. 2019) (slip op.). When considering whether the denial of food to an inmate by a prison official may amount to deliberate indifference and a violation of the Eighth Amendment, "a 'court must assess both the amount and duration of the deprivation.'" *Id.* (quoting *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999)).
>
> But "[t]his is not to say that withholding of food is a *per se* objective violation of the Constitution." *Reed*, 178 F.3d at 853. Indeed, the Seventh Circuit has found that the denial of a single meal—and, in some cases, multiple meals, sometimes for multiple days at a time—does not violate the Eighth Amendment. The Seventh Circuit has also held that "there is a difference between using food deprivation as a punishment and establishing a reasonable condition to the receipt of food." *Freeman v. Berge*, 441 F.3d 543, 545 (7th Cir. 2006).
>
> Mr. Stone-Dunlap alleges that he missed only one meal and that he missed it because he was not permitted to enter the dining facility without his identification—not that he was deprived of food as punishment. Based on the

> allegations Mr. Stone-Dunlap has presented, the amount, nature, and reason for his food deprivation all preclude the conclusion that Sergeant Durr violated his Eighth Amendment rights. The allegation that the defendants' actions were inconsistent with IDOC policy does not change this result. *See Sandin v. Conner*, 515 U.S. 472, 481–82 (1995) (noting that prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates").

*Stone-Dunlap v. Gehrke, et al.*, No. 1:19-cv-02740-JMS-MPB, dkt. 3 at *3–4 (S.D. Ind. July 17, 2019) (footnote omitted).

The allegations in Mr. Stone-Dunlap's new complaint are not materially different from the allegations in the original. He again alleges that he was denied one meal because he failed to comply with the prison's requirement that he bring identification to the chow hall. These allegations still do not support an Eighth Amendment claim. By resubmitting the exact same claim after the Court told him it is not legally supportable, Mr. Stone-Dunlap has brought a frivolous action that must be dismissed under § 1915A(b).

### III. Dismissal of Action and Conclusion

This action is **dismissed as frivolous** pursuant to 28 U.S.C. § 1915A(b). The **clerk is directed** to enter final judgment consistent with this Order.

Mr. Stone-Dunlap has now filed two cases—this one and No. 1:19-cv-02740-JMS-MPB—that have been dismissed under § 1915A(b). Under 28 U.S.C. § 1915(g),

> [A] court may not grant a prisoner leave to proceed *in forma pauperis* if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The next time Mr. Stone-Dunlap files an action that is dismissed under § 1915A(b) as frivolous or malicious, or for failure to state a claim, he will have accumulated three "strikes," and he will only

3

be permitted to proceed *in forma pauperis* if he is under imminent danger of serious physical injury.

Mr. Stone-Dunlap's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied**. Mr. Stone-Dunlap did not demonstrate his inability to prepay the filing fee by filing an inmate trust account statement as required by 28 U.S.C. § 1915(a)(2).

Mr. Stone-Dunlap's motion requesting a copy of his motion for leave to proceed *in forma pauperis*, dkt. [3], is **denied**. These motions were signed and filed simultaneously. If Mr. Stone-Dunlap wishes to keep copies of his filings for his records, it is his responsibility to copy the original documents before submitting them to the Court for filing.

**IT IS SO ORDERED.**

Date: 2/3/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ERIC STONE-DUNLAP
201315
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

4